IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-07 |
| | ) |
| TAMMIE BROLIN | ) |

**Opinion and Order on Motion for Time Credit**

Presently before the Court is Tammie Brolin's Motion for Retroactive Application of FSA Time Credit to Pre-Sentencing Custody, in which she seeks credit for time she served in custody prior to imposition of her sentence and while awaiting designation from the Bureau of Prisons (BOP). ECF No. 2628. The government has filed a Response in Opposition, arguing that this Court lacks jurisdiction to consider the Motion. ECF No. 2639. For the reasons explained below, the Motion will be denied for lack of jurisdiction.

I.      **Background**

On September 27, 2022, Ms. Brolin pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. In their plea agreement, Ms. Brolin and the government stipulated that Ms. Brolin was responsible for 1.5 kilograms to 5 kilograms of methamphetamine. Plea Agr. at ¶ C.2; ECF No. 1771-1. On February 7, 2023, Ms. Brolin was sentenced to 120 months' imprisonment to be followed by 5 years of supervised release.

II.     **Exhaustion of Administrative Remedies**

The government first argues that the Court lacks jurisdiction over Ms. Brolin's Motion because there is no evidence that she has exhausted her administrative remedies. It is the Attorney General, through the Bureau of Prisons (BOP), who is responsible for determining the calculation of a term of imprisonment, including crediting the amount of time a defendant served

in prior official custody. *United States v. Wilson*, 503 U.S. 329 (1992);18 U.S.C. § 3585(b). The BOP awards an inmate credit for prior custody only for time served while in "official detention." 18 U.S.C. § 3585(b) ("defendant shall be given credit toward the service of a term of imprisonment for any time she has spent in official detention prior to the date the sentence commences"). Thus, in the first instance, it is the responsibility of the BOP, not this Court, to determine the proper credit to be given to a defendant once a term of imprisonment is imposed.

If an inmate is dissatisfied with the BOP's calculation of her time served credit, then she must raise this issue with the BOP, starting with presenting a complaint to a member of their Unit Team. 28 C.F.R. §§ 542.10-19. If the matter is not resolved at that level, then the inmate may raise a formal complaint with the Warden, followed by an Appeal, and, if necessary, an Appeal to the BOP's Office of General Counsel.

Ms. Brolin has not submitted any evidence to show that she has begun the administrative process, much less that she has fully exhausted her administrative remedies. The Court concludes that Ms. Brolin has not exhausted her administrative remedies; therefore, the Court lacks jurisdiction over the Motion, and the Motion will be denied.

**III.    Challenges to the Execution of a Sentence**

The government also argues that, even if Ms. Brolin had exhausted her administrative remedies, she has filed her challenge in the wrong district. Ms. Brolin's request for relief is a challenge to the execution of her sentence. Such challenges must be filed as a petition pursuant to 28 U.S.C. § 2241 and they must be filed in the district where the inmate is incarcerated. Therefore, Ms. Brolin should have filed her challenge to the calculation of credit for time served, where she is incarcerated, which is the Federal Prison Camp at Alderson in Alderson, West Virginia. Thus, the Motion will be denied for the additional reason that this Court lacks

jurisdiction to consider Ms. Brolin's Motion, as it was filed in the wrong district.

### IV.   Conclusion

Ms. Brolin' Motion for Credit for Time Served will be denied.

### ORDER

AND NOW, this 17th day of September 2025, it is ORDERED that Tammie Brolin's Motion for Retroactive Application of FSA Time Credit to Pre-Sentencing Custody, ECF No. 2628, is DENIED for lack of jurisdiction.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Tammie Brolin, pro se
Reg. No. 02190-509
FPC ALDERSON
GLEN RAY RD. BOX A
ALDERSON, WV 24910